UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN KONG DIU,

                                    Plaintiff,

v.

SOCIAL SECURITY AND
COMMITTEE [SIC],

                                    Defendants.

Case No.:  22cv1233-MDD

ORDER DISMISSING
COMPLAINT WITHOUT
PREJUDICE

On August 22, 2022, Plaintiff John D.,[1] proceeding *pro se*, commenced this action against Defendant "Social Security and Committee [sic]" for judicial review under 42 U.S.C. § 405(g) based on the alleged miscalculation of his disability insurance benefits.  (ECF No. 1-1 at 1).  At the time he filed his Complaint, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP").  (ECF No. 2).  The case was randomly assigned to this Court pursuant to General Order No. 707, which governs the assignment of a

_____

[1] The Court refers to Plaintiff using only his first name and last initial pursuant to the Court's Civil Local Rules.  *See* S.D. Cal. CivLR. 7.1(e)(6)(b).

magistrate judge to review social security cases.

For the following reasons, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, and his Motion to Proceed IFP is denied as moot.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

The Court must screen every *in forma pauperis* proceeding brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim") (citation omitted). Because John D. is appearing *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Exclusive jurisdiction over Social Security benefits cases arises from 42 U.S.C. § 405(g)[.]"). *Malcolm v. Astrue*, 735 F. Supp. 2d 118, 120 (D. Del. Aug. 25, 2010). With respect to social security appeals, district courts in the Ninth Circuit have outlined the basic requirements for complaints to satisfy the Court's § 1915(e) screening. First, the plaintiff must establish that he has exhausted his administrative remedies pursuant to § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims he became disabled. Fourth, the complaint must contain a plain, short, and concise statement

identifying the nature of the plaintiff's disagreement with the determination made by the SSA and show that the plaintiff is entitled to relief. *See, e.g., Montoya v. Colvin*, Case No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016); *Roberta N. v. Kijakazi*, Case No. 21-cv-01504-JLB, 2021 WL 4358178, at *2 (S.D. Cal. Sept. 24, 2021).

## B.  Plaintiff's Complaint

According to the Complaint and exhibits attached thereto, Plaintiff was arguably awarded social security disability benefits of an unstated amount, on an uncertain date, but sometime after October 14, 2010.  (ECF No. 1-2 at 6).  Plaintiff attaches a social security statement describing his anticipated benefits, but he does not include pages with the details of his benefits.  (*Id*.).

The complaint is difficult to comprehend, but it generally conveys that the SSA has failed to increase Plaintiff's benefit amount by 6.2 percent annually as required, and that he is currently entitled to relief under either the Fourth Amendment, or pursuant to his social security income benefits. (ECF No. 1 at 2).

The specific relief Plaintiff requests states as follows:

> I want Certificate OF BANK for 6.2% increase and interests Conversion Table taxes which show my records to social security number 9 digits. I wants the federal deposits insurance Corporation (FDIC) according to the law of bank, to insures my money in bank account in case of bank Fraud or Failure of 6.2% increases and interests on trade in U.S.. I want 6.2% increase and interests conversion table taxes.

(*Id*.) [sic].  He provides no further details or documentation, with the exception of portions of his social security statement dated October 14, 2010. (ECF No. 1-1 and 1-2).  The page in his complaint entitled "Relief You Request," is blank.  (ECF No. 1 at 3).

## C. Discussion

Section 405(g) provides, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision[.]"  42 U.S.C. § 405(g).  To obtain a final SSA decision, a claimant must complete the process of administrative review.  *See* 20 C.F.R. § 404.900(a) (2017).

First, SSA makes its initial determination as to a claimant's entitlement to benefits, continuing entitlement to benefits, benefit amount, or any other matter, and so notifies the claimant in writing.  *Id*. §§ 404.900(a)(1), 404.902, 404.904.  An initial determination is binding unless the claimant timely requests reconsideration or the SSA revises the initial determination.  *Id*. § 404.905.  If a claimant is dissatisfied with the SSA's initial determination, he may request reconsideration.  *Id*. § 404.907.

Generally, a claimant who is dissatisfied with a reconsidered decision may request a hearing before an administrative law judge ("ALJ").  *Id*. §§ 404.907, 404.930.  The ALJ issues a decision based on the preponderance of the evidence in the hearing record.  *Id*. § 404.929.  A claimant dissatisfied with the hearing decision may request review by the Appeals Council, which may deny or dismiss the request for review, or may grant the request and either issue a decision or remand the case to the ALJ.  *Id*. § 404.967.

"The Appeals Council's decision, or the decision of the [ALJ] if the request for review is denied, is binding unless [the claimant files] an action in Federal district court, or the decision is revised."  *Id*. § 404.981.  An action must be filed in federal court within sixty days after the date the claimant receives notice of the Appeals Council's action.  *Id*.; *see also* 42 U.S.C. § 405(g).

22cv1233-MDD

Here, the complaint filed by Plaintiff provides no basis for the Court to find that he has presented his claim to the SSA in a manner that entitled him to a "final decision," (*see* 42 U.S.C. § 405(g)), and thereby permitted him to proceed to federal court.  If filed a claim with the SSA, it is not clear to the Court when this occurred.  There is also no indication that he received a decision by an ALJ regarding any current allegations, timely requested review of the decision by the Appeals Council, and/or received notice of the Appeals Council's action.

The Court accordingly concludes that Plaintiff failed to exhaust his administrative remedies before filing this action, and, thus, there is no final SSA determination for this Court to consider.  Until John D. exhausts the administrative review process before the SSA, this Court lacks subject-matter jurisdiction for any claims subject to that process.

Accordingly, the complaint must be dismissed without prejudice.  If Plaintiff contends that he has exhausted his administrative remedies pursuant to § 405(g) and this action was commenced within sixty days after notice of a final decision, he must file an Amended Complaint that includes the final decision of the Social Security Administration.

## II. <u>Conclusion</u>

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, and his Motion to Proceed IFP is denied as moot.  If Plaintiff contends that he has exhausted his administrative remedies pursuant to § 405(g) and his action was commenced within sixty days after notice of a final decision, he must file an Amended Complaint that includes the final decision of the Social Security Administration on or before **<u>September 23, 2022</u>**.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  *See Hal Roach Studios, Inc.*

*v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). Should Plaintiff fail to file an Amended Complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice.

**IT IS SO ORDERED**.

Dated:   August 24, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge

22cv1233-MDD